IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS N. MORALES DIAZ, et als.**
Plaintiffs

v.   CIVIL NO. 04-1585(DRD)

**ADMINISTRACION DE CORRECCION,**
**et als.**
Defendants

## ORDER OF DISMISSAL

Pending before the Court is Carlos N. Morales Diaz, Matias Ruiz Romero, and Manuel Zarrozo Soler's ("plaintiffs") *pro se* complaint against the Administracion de Correccion, the Estado Libre Asociado, and Edgardo Colombo Rivera ("defendants"). (Docket No. 2). Plaintiffs herein are inmates at the Guayama Correctional Center, Annex 296, and have filed the present suit pursuant to 42 U.S.C. §1983 for discrimination based on religious preference. They base their §1983 claims on allegations that Building 4 of Annex 296, designated as a quasi-military boot camp, is being utilized by a fellow inmate, Luis Ramos Merced a/k/a "Pastor Fatulo" (Fake Priest), as a Pentecost Temple. As a result, plaintiffs argue that Pastor Fatulo is responsible for giving an order, which prison officers complied with, wherein all inmates that did not subscribe to the Pentecost belief would be relocated (without a change of classification order) and not allowed to even enter Building 4.[1] Moreover, plaintiffs aver that the Catholic priest who used to meet with the Catholic inmates had his visiting privileges suspended for being "the devil's son". All actions took place on or around July 2002. That is to say, inmates not belonging to the Pentecost religion were not allowed to enter Building 4 and were allegedly relocated around July 2002. Hence, there are no continuing violations being alleged.

The First Circuit Court of Appeals has more than established that the applicable statute of limitations for suits brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitation for personal injury which, in Puerto Rico, is one (1) year. *See* Rodriguez v. P.R. Inst. of Culture, 98 Fed. Appx. 15, 17 (1st Cir. 2004); Ruiz Sulsona v. University of Puerto Rico, 334 F.3d 157, 159 (1st Cir. 2003); Rivera Muriente v. Agosto Alicea, 959 F.2d 349, 353 (1st Cir. 1992); Sanchez v. Autoridad de Energia Electrica, 360 F.Supp.2d 302 (D.P.R. 2005). Once that is established, the Court then applies federal law in order to ascertain when the limitations period of one year began to accrue. Id. In turn, the date of accrual, the First Circuit has established, is the moment, pursuant to federal law, when plaintiff knows, or has reason to know, of the injury on which the action is based. It is evident in the *Complaint* that plaintiffs' claims are time barred. Plaintiffs themselves explain that it was "some time" on/or around July 2002 when said quasi-military boot camp in Building 4 was formed and that Pastor Fatulo, an inmate with said pseudonym, gave orders to the Administration to discriminate against them because of their religious affiliation. It is also unquestionable that the *Complaint* was filed on June 22 of 2004, clearly more that a year since plaintiffs' damages accrued. Accordingly, their claims pursuant to 42

---

[1] Plaintiffs explain that their interest in being placed in Building 4 lies in the fact that the quasi-military boot camp serves as a means of rehabilitation pursuant to that accorded with the Correctional Administration.

U.S.C. § 1983 are time barred.

      Perhaps even more critical, the Court further lacks jurisdiction to entertain this suit since it is filed against the Administration of Corrections – claim which is undoubtedly barred by the Eleventh Amendment.  *See* <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890) (both standing for the proposition that the Eleventh Amendment bars suits brought in federal courts against states by individuals, whether they be citizens of the state being sued, of another state, or of a foreign nation.); <u>Negron Gaztambide v. Hernandez Torres</u>, 145 F.3d 410 (1st Cir. 1998); <u>Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.</u>, 991 F.2d 935, 939 n.3 (1st Cir. 1993); <u>Aviles-Martinez v. Monroig</u>, 963 F.2d 2, 8 (1st Cir. 1992) (holding that **an entity which is an alter ego of Puerto Rico is protected by the Eleventh Amendment**); <u>Trailer Marine Transp. Corp. v. Rivera Vazquez</u>, 977 F.2d 1, 7 (1st Cir. 1992) (all also standing for the proposition that, despite the absence of any express reference, the Eleventh Amendment pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State.).

      Finally, even though the complaint was subsequently amended to include the Mr. Edgardo Colombo Rivera, Superintendent of Annex 296,[2] said action is time barred.  First and foremost, it is not clear from the complaint whether the Superintendent is being sued in his individual or in his official capacity.  Notwithstanding, if the causes of actions were filed against the Superintendent in his official capacity, Eleventh Amendment Immunity would still apply as to him, thus depriving this Court of jurisdiction over said claims.  If, on the other hand, the Superintendent was being sued in his personal capacity, as stated before, the action is time barred.  As explained above, the applicable statute of limitations for suits brought pursuant to 42 U.S.C. § 1983 is one (1) year.  Once again, it is clear that plaintiffs themselves have admitted to the Superintendent having executed the damaging act – allowing and/or actively giving orders so that Pastor Fatulo could continue barring their entrance to Building 4 – on or around July of 2002.  Consequently, plaintiffs were aware of their injury no later than said date – almost two (2) years before the date of the filing of the *Complaint* before this Court.  Furthermore, there are no allegations in the complaint or other pleadings averring that the one year after accrual date prescriptive period had been interrupted or extended.

      Based on the aforementioned reasons, the Court hereby **DISMISSES WITH PREJUDICE** all of plaintiffs claims.

      Judgment will be issued accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of February of 2006.

                                          s/ Daniel R. Dominguez
                                          **DANIEL R. DOMINGUEZ**
                                          **U.S. DISTRICT JUDGE**

---

[2] The original complaint detailed Mr. Carlos Gonzalez Rosario as the Superintendent when the alleged discrimination took place and when the action was commenced.  The original complaint does not mention whether said party is being sued in his personal or in his official capacity either.